# UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH DAKOTA

## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>WALLACE TANG, Individually, and d/b/a BLUE SKY ENGINEERING, INC.; CASSINDY SINE CHAO, Individually, and d/b/a LASERLITH CORP.; and GINA KIM, Individually, and d/b/a BLACK HILLS NANOSYSTEMS CORP.,<br><br>    Defendants. | Civ. No.   4:19-cv-4029<br><br><br><br>**COMPLAINT** |

Plaintiff, United States of America, by and through its counsel, Ronald A. Parsons, Jr., United States Attorney, and Cheryl Schrempp DuPris, Assistant United States Attorney, brings this action to recover damages and civil penalties pursuant to the False Claims Act, 31 U.S.C. § 3729, *et. seq,* or alternatively under common law, and alleges the following:

### Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1345.

2. Venue is proper pursuant to 31 U.S.C. § 3732(a), 28 U.S.C. §§ 1391, and 1395(a) because at all relevant times, Defendants transacted business and committed acts in violation of 31 U.S.C. § 3729 within the District.

## Parties

3.     The plaintiff is the United States of America on behalf of the United States agencies National Science Foundation ("NSF"), National Aeronautics and Space Administration ("NASA"), and the Department of Energy ("DOE").

4.     Wallace Tang lists a residence at 3057 Lunada Lane, Alamo, CA 94507.

5.     Wallace Tang registered Blue Sky Engineering, Inc. (Blue Sky), 417 Main Ave, Suite 003, Fargo, ND 58103-1956, as a foreign corporation with the North Dakota Secretary of State.  Its Registered Agent was listed as Incorp Services, Inc., 919 S. 7th Street, Suite 607, Bismarck, ND 58504.  In 2017, Blue Sky, through Wallace Tang, surrendered its authority to transact business in the state, revoked the authority of its registered agent to accept service, and listed the address for service of process as P.O. Box 1092, Alamo, CA 94507.

6.     Cassindy Sine Chao lists a residence at 309 Mountain Ave, Piedmont, CA 94611.

7.     Cassindy Sine Chao registered Laserlith Inc., (Laserlith), 4200 James Ray Drive, Suite 501, Grand Forks, ND 58202, as a foreign corporation with the North Dakota Secretary of State.  Laserlith's Registered Agent was listed as Registered Agents, Inc., 1267 Willis Street, Suite 200, Redding, CA 96001.  In 2015, Laserlith, through Chao, surrendered its authority to transact business, revoked the authority of its registered agent to accept service, and listed the address to serve process as P.O. Box 13211, Oakland, CA  94611-2813.

8.     Gina Kim lists a residence at 80 2nd Street #11, Los Altos, CA 94022.

2

9.     Gina Kim registered Black Hills Nanosystems, Inc., (Black Hills Nano), 1941 Jackson St., #9, Oakland, CA, 94612, as a foreign corporation with the South Dakota Secretary of State.   In 2016, the Registered Agent was listed as Incorp Services, Inc., 400 N. Main Ave, Suite 206, Sioux Falls, SD  57104-5979. Gina Kim has since surrendered authority to transact business in the state, revoked the authority of its registered agent to accept service on Black Hills Nano's behalf, and lists the address to serve process as 209 Hazelwood Ave, San Francisco, CA 94127.

## GENERAL ALLEGATIONS

10.    Pursuant to the Small Business Act, 15 U.S.C. § 638, the United States Small Business Administration (SBA) created the Small Business Innovation Research (SBIR) Program and the Small Business Transfer Technology Research (STTR) Program to stimulate scientific and technology innovation through research funds in areas critical to build a strong national economy.

11.    The National Science Foundation (NSF), the National Aeronautics and Space Administration (NASA), and the Department of Energy (DOE) participate in the programs and each administers its individual programs within established guidelines.

12.    All SBIR and STTR proposals were required to be electronically submitted to the federal agency offering the grant or contract opportunity.

13.    NSF's, NASA's, and DOE's computer servers used to receive contract proposals were located in Virginia, Mississippi, Maryland, and Virginia.

14.   SBIR and STTR grant and contract award payments were electronically transferred from the associated federal agency, through the United States Department of the Treasury, and then wired to a business bank account identified by the awardee.

15.   Each project was required to designate a "principal investigator" (PI).  PI is defined as the one individual to provide the scientific and technical direction to a project supported by the funding agreement.   The applicant must designate the PI in both the proposal and in the award.

16.   The programs had rules about who could serve as a PI, including that PIs were required to be primarily employed (generally, more than 50 percent of the PI's employed hours) with the business receiving the award. This meant that the PI could not be employed full-time or even 50 percent with another company, organization, or entity.

17.   In each proposal, the applicant was required to describe the nature of the PI's activities, the amount of time the PI would personally apply to the project, and the qualifications and capabilities of the proposed PI.

18.   Primary employment of the PI was generally certified in each proposal.

19.   Applicants for SBIR and STTR funding must also certify at various times that "essentially equivalent" work, or a portion thereof, has not been funded by another Federal agency. "Essentially equivalent" work is defined as work that is substantially the same research, which is proposed for funding in more than one contract proposal or grant application submitted to the same Federal

4

agency or submitted to two or more different Federal agencies for review and funding consideration; or work where a specific research objective and the research design for accomplishing the objective are the same or closely related to another proposal or award, regardless of the funding source.

20.     Each SBIR and STTR project must include a list of senior or key personnel, who are individuals who have committed to work on the project and who possess specialized knowledge or skills that are critical for the completion of the project.

21.     Each certified proposal submitted to the United States government was evaluated and scored on its own merits.   The evaluators rely upon the truthfulness of proposals submitted to them. NSF, NASA, and DOE used the following, or a substantively similar, certification: "By signing and submitting this proposal, the Authorized Organizational Representative or Individual Applicant is: (1) certifying that statements made herein are true and complete to the best of his/her knowledge; and (2) agreeing to accept the obligation to comply with NSF award terms and conditions if an award is made as a result of this application . . . . Willful provision of false information in this application and its supporting documents or in reports required under an ensuing award is a criminal offense (U. S. Code, Title 18, Section 1001)."

**FRAUDULENT CONDUCT**

22.     Wallace    Tang    registered    MicroAssembly    Technologies,    Inc., (MicroAssembly), 3411 Regatta Boulevard, Richmond, CA 94804 as a domestic

corporation with the California Secretary of State. MicroAssembly was subsequently awarded multiple SBIR or STTR awards. Wallace Tang, Cassindy Sine Chao, and Gina Kim worked together at MicroAssembly which later became the parent corporate entity of other entities, including Blue Sky Engineering, Inc., and Black Hills Nanosystems, Inc.

23. Wallace Tang, Cassindy Sine Chao, or Gina Kim each formed these separate corporate entities in California, then registered them in other states in order to submit multiple proposals for funding and/or to be more attractive to funding from government earmarks.

24. While Wallace Tang served as President, Cassindy Sine Chao was listed as MicroAssembly's Chief Financial Officer and a Director. While Cassindy Sine Chao served as Laserlith's President, Wallace Tang served as an officer and Gina Kim served as its Corporate Secretary. While Gina Kim served as President and Secretary of Black Hills Nano, Wallace Tang was listed as Director of Research and Development.

25. Beginning at a time unknown, but no later than 2012, and continuing through 2016, within the State of South Dakota and elsewhere, Wallace Tang, the organizer, conspired with Cassindy Sine Chao and Gina Kim to devise a scheme to defraud the United States and obtain money and property by means of false claims, fraudulent pretenses, and false representations.

26. The object of the conspiracy was to obtain federally funded SBIR and STTR projects by and through material misrepresentations, statements, and

omissions, thereby depriving the United States the ability to fund other SBIR and STTR proposed projects, and resulting in the enrichment of the Defendants.

27.    Defendants applied for and received SBIR and STTR awards, for essentially equivalent work, concealing the existence of the awards and the relationships between the related individuals and companies from the NSF, NASA and DOE, as follows:

| Awarding Agency | Awarded Defendant & Amount | Nature of Project Proposal Number & Date of Submission |
|---|---|---|
| DOE | Black Hills Nano $148,889.00 | Optimal Multi-junction Solar Cells for CPV Under Realistic Conditions - Number 203324 submitted July 3, 2012 |
| NSF | Blue Sky $149,994.00 | High Efficiency Flexible Solar Panels Number 1315777 submitted December 3, 2012 |
| NSF | Laserlith $179,479.00 | RF Mems Relay for ATE Applications Number 1143347 submitted January 16, 2013 |
| NSF | Laserlith $149,497.00 | Micromachined Varactor for Antenna Impedance Matching Number 1217624 submitted July 15, 2013 |
| NASA | Black Hills Nano $124,942.77 | Low-Cost Multi-Junction Photovoltaic Cells Number H8.04-9546 submitted November 29, 2013 |
| NSF | Black Hills Nano $224,946.00 | MEMS Reconfigurable Antenna for Portable Wireless Devices Number 1417284 submitted December 4, 2013 |
| NSF | Laserlith $734,890.00 | Micromachined components for wireless applications Number 1431008 submitted January 31, 2014 |

28.    Defendants specifically misrepresented the existence and use of distinct company facilities, equipment, employees, subcontractors and operations in South Dakota and North Dakota, and elsewhere. These representations and statements were false in that all of the companies were, at certain times, co-

located in a common facility in Richmond, California, sharing the same resources and performing essentially equivalent work, or portions thereof.

29.   Between 2012 and 2016, Defendants submitted, or caused the submission of approximately forty-five (45) false claims and materially false statements, with knowledge of their falsity, solely to obtain federal awards.

30.   Defendants' actions, false statements, and misrepresentations included the preparation and submission of proposals for awards under the NSF, NASA, and DOE programs, specifically involving costs, employees, the eligibility of principal investigators, suitability of facilities, location of facilities, subcontractors, consultants, letters of support, and certifications submitted to NSF, NASA, and DOE.

31.   As a result of Defendants' scheme to defraud and to obtain money by means of false representations, Defendants obtained awards from NSF, NASA, and DOE totaling $1,710,568.60.

32.   Wallace Tang pleaded guilty to Wire Fraud, in violation of 18 U.S.C. § 1343. *United States v. Wallace Tang,* 18CR40100-1, District of South Dakota.

33.   Blue Sky, through Wallace Tang, its authorized principal, pleaded guilty to Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349. *United States v. Blue Sky Engineering Incorporated,* 18CR40100-5, District of South Dakota. The judgments (Docket 80 & 87) are attached as Exhibit 1.

34.   The Factual Basis Statement (Docket 38) executed by Wallace Tang is attached as Exhibit 2, and sets forth the materially false statements committed in furtherance of the scheme to defraud the United States.

35.   Laserlith, through Cassindy Sine Chao, its principal, pleaded guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. *United States v. Laserlith Corporation,* 18CR40100-03, District of South Dakota. The judgment (Docket 83) is attached as Exhibit 3.

36.   The Factual Basis Statement, (Docket 36) executed by Cassindy Sine Chao, individually and as authorized officer for Laserlith, is attached as Exhibit 4, and sets forth the overt acts committed in furtherance of the conspiracy.

37.   Black Hills Nano, through Gina Kim, its principal, pleaded guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. *United States v. Black Hills Nanosystems Corporation,* 18CR40100-4, District of South Dakota. The Judgment (Docket 85) is attached as Exhibit 5.

38.   The Factual Basis Statement (Docket 16), executed by Gina Kim, individually and as authorized officer for Black Hills Nano, is attached as Exhibit 6, and sets forth the overt acts committed in furtherance of the conspiracy.

39.   Based on the Factual Basis Statement filed in the criminal case, restitution was agreed upon at $1,084,418.60, and ordered joint and several. See Exhibits 1, 3, and 5.

## COUNT ONE

## VIOLATIONS OF THE FALSE CLAIMS ACT (31 U.S.C. § 3729)

40.    The False Claims Act (FCA), 31 U.S.C. § 3729(a)(1) makes any person or entity who knowingly (A) presents, or causes to be presented, a false claim for payment or approval; or (B) makes or uses a false record or statement material to a false claim; or (C) conspires to commit a violation of A or B; liable to the United States for a civil penalty of not less than $5,500 and not more than $11,000, plus three (3) times the amount of damages which the government sustains because of the conduct.

41.    A conviction rendered in any criminal proceeding charging fraud or false statement estops the defendants from denying the elements of the offense in any FCA suit.  31 U.S.C. § 3731(e).

42.    Based upon conduct described herein, Wallace Tang has pleaded guilty to wire fraud. Exhibit 1.

43.    Based upon conduct described herein, Blue Sky, Laserlith and Black Hills Nano, through their respective principles, Wallace Tang, Cassindy Sine Chao, and Gina Kim, each pleaded guilty to conspiracy to commit wire fraud. Exhibits 1, 3, and 5.

44.    The Factual Basis Statements executed by Wallace Tang, Cassindy Sine Chao, and Gina Kim, individually, and as authorized officers of the corporate entities, set forth the overt acts committed by each in furtherance of the conspiracy to defraud the United States, recite the specific false and fraudulent

representations made in the SBIR and STTR proposals and subsequent certifications, and are incorporated herewith.

45.    As set forth in Exhibits 2, 4, and 6, between 2012 and 2016, Defendants knowingly presented or caused to be presented approximately forty-five (45) false claims and/or materially false statements, with knowledge of their falsity, solely to obtain federal funds, by submitting SBIR and STTR proposals that misrepresented the existence and use of distinct company facilities, equipment, and operations in South Dakota, North Dakota, or elsewhere; and involved costs, employees, eligibility of principal investigators, suitability of facilities, location of facilities, subcontractors, consultants, letters of support, and false certifications.

46.    Defendants' actions and conduct were material to the decision by NSF, NASA, and DOE to award SBIR and STTR monies to the false and fraudulent claims.

47.    By reasons of Defendants' violations of 31 U.S.C. § 3729(a)(1), the United States has sustained damages in an amount to be determined.

**COUNT TWO**

**COMMON LAW FRAUD**

48.    Between 2012 and 2016, Defendants engaged in a pattern or practice of making misrepresentations, false statements, and false claims in order to obtain SBIR and STTR monies from the NSF, NASA and DOE, intending the United States to rely upon those false representations, statements and claims.

49.     Defendants specifically, misrepresented the existence and use of distinct company facilities, equipment, and operations in South Dakota, North Dakota, or elsewhere; costs, employees, principal investigators, suitability of facilities, location of facilities, subcontractors, consultants, letters of support, and made false certifications.

50.     Defendants knew or should have known that the false claims, statements or certifications were false and fraudulent.

51.     The   United   States   relied   upon   Defendants'   materially   false representations and, as a result, has been damaged in amounts to be determined at trial.

        Wherefore, the United States requests that this Court enter judgment in its favor and against Defendants as follows:

A.      On the First Count, an amount three times the amount of damages which the United States sustained because of Defendants' acts, together with civil penalties, plus litigation costs and such further relief as may be just and proper.

B.      On Count Two, for damages sustained by the United States to be determined at trial, plus interest, punitive damages, costs and expenses, and for such other relief as may be just and proper.

**THE UNITED STATES REQUESTS A TRIAL BY JURY**

Dated this 8th day of February, 2019.

RONALD A. PARSONS, JR.
UNITED STATES ATTORNEY

Cheryl Schrempp DuPris
Assistant United States Attorney
P. O. Box 7240
Pierre, SD 57501
(605) 224-5402
Cheryl.Dupris@usdoj.gov

13

**CERTIFICATE OF SERVICE**

I, Cheryl Schrempp DuPris, do hereby certify that on the 8th day of February, 2019, I caused copies of the foregoing document to be served upon the following by US mail:

Wallace Tang
Blue Sky Engineering Incorporated
c/o Tom Carlucci
Attorney at Law
555 California Street
San Francisco, CA 94104
Tcarlucci@foley.com

Cassindy Sine Chao
Laserlith Corporation
c/o Michael Li Ming Wong
Gibson and Dunn Law Office
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
mwong@gibsondunn.com

Gina Kim
Black Hills Nanosystems Corporation
c/o Randy Luskey
Orrick, Herrington & Sutcliffe
405 Howard Street
San Francisco, CA 94105-2669
rluskey@orrick.com

Wallace T. Tang
3057 Lunada Lane
Alamo, CA 94507

Blue Sky Engineering Incorporated
P.O. Box 1092
Alamo, CA 94507

Cassindy Sine Chao
309 Mountain Ave
Piedmont, CA 94611

Laserlith Corporation
P.O. Box 13211
Oakland, CA 94611-2813

Gina Kim
80 Second Street, #11
Los Alto, CA 94022

Black Hills Nanosystems Corporation
209 Hazelwood Ave
San Francisco, CA 94127

Cheryl Schrempp DuPris

14

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Wallace Tang, Individually and d/b/a Blue Sky Engineering, Inc.;
Cassindy Sine Chao, Individually and d/b/a Laserlith Corp.; and
Gina Kim, Individually and d/b/a Black Hills NanoSystems, Corp.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cheryl Schrempp DuPris, Assistant U.S. Attorney
PO Box 7240, Pierre, SD 57501 / (605) 224-5402

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government Plaintiff

☐ 2   U.S. Government Defendant

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                             *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☒ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 USC 3729, et seq.
Brief description of cause:
False Claims Act & fraudulent conduct in submitting multiple proposals for government grants.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*   JUDGE _____   DOCKET NUMBER _____

DATE   2.8.19

SIGNATURE OF ATTORNEY OF RECORD   *Cheryl Schrempp DuPris*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 245B   (Rev. 11/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District Of South Dakota, Southern Division

|  |  |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| Wallace Tang | Case Number:  4:18CR40100–1 |
|  | USM Number:  17718-273 |
|  | Timothy W. Billion / Thomas F. Carlucci |
|  | Defendant's Attorney |

## THE DEFENDANT:

■ pleaded guilty to count(s)    2 of the Information.

☐ pleaded nolo contendere to count(s)
   which was accepted by the Court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 01/28/2015 | 2 |

The defendant is sentenced as provided in this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____   ☐ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States attorney of material changes in economic circumstances.

01/14/2019
Date of Imposition of Judgment

_Karen E. Schreier_ (signature)
Signature of Judge

Karen E. Schreier, United States District Judge
Name and Title of Judge

January 14, 2019
Date

**EXHIBIT**

tabbies®

1

Case 4:19-cv-04029-KES  Document 1-1  Filed 02/08/19  Page 2 of 9 PageID #: 17
Case 4:18-cr-40100-KES  Document 80  Filed 01/14/19  Page 2 of 6 PageID #: 482
Judgment - Page 2 of 6

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
           Sheet 4 - Probation

DEFENDANT:        Wallace Tang
CASE NUMBER:      4:18CR40100-1

# PROBATION

You are hereby sentenced to probation for a term of:  2 years.

# MANDATORY CONDITIONS

1.  You must not commit another federal, state, or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from probation and at least two periodic drug tests thereafter, as determined by the Court.

    ■   The above drug testing condition is suspended, based on the Court's determination that you pose a low risk of future substance abuse.  *(Check, if applicable.)*

4.  ■   You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

5.  ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.  *(Check, if applicable.)*

6.  ☐   You must participate in an approved program for domestic violence pursuant to 18 U.S.C. § 3563(a)(4).  *(Check, if applicable.)*

7.  ☐   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other state authorizing a sentence of restitution.  *(Check, if applicable.)*

8.  You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9.  If this Judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this Judgment.

10.  You must notify the Court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this Court as well as with any other conditions on the attached page.

Case 4:19-cv-04029-KES   Document 1-1   Filed 02/08/19   Page 3 of 9 PageID #: 18
Case 4:18-cr-40100-KES   Document 80   Filed 01/14/19   Page 3 of 6 PageID #: 483

Judgment – Page 3 of 6

AO 245B   (Rev. 11/16) Judgment in a Criminal Case
         Sheet 4A - Probation

DEFENDANT:        Wallace Tang
CASE NUMBER:      4:18CR40100-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the Court about, and bring about improvements in your conduct and condition.

1.   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours from the time of your sentence, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2.   After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3.   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court or the probation officer.

4.   You must answer truthfully the questions asked by your probation officer.

5.   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6.   You must allow the probation officer to visit you at reasonable times, at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7.   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.   You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9.   If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court.

12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13.  You must follow the instructions of the probation officer related to the conditions of supervision.

Case 4:19-cv-04029-KES   Document 1-1   Filed 02/08/19   Page 4 of 9 PageID #: 19
Case 4:18-cr-40100-KES   Document 80   Filed 01/14/19   Page 4 of 6 PageID #: 484

Judgment – Page 4 of 6

AO 245B   (Rev. 11/16) Judgment in a Criminal Case
          Conditions of Supervision

DEFENDANT:        Wallace Tang
CASE NUMBER:      4:18CR40100-1

## SPECIAL CONDITIONS OF SUPERVISION

1. You must complete 80 hours of community service work, at the direction of the U.S. Probation Office, which shall be completed within 6 months of the date of this Judgment.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the Court and has provided me with a written copy of this Judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

Case 4:19-cv-04029-KES   Document 1-1   Filed 02/08/19   Page 5 of 9 PageID #: 20
Case 4:18-cr-40100-KES   Document 80   Filed 01/14/19   Page 5 of 6 PageID #: 485

Judgment – Page 5 of 6

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

---

DEFENDANT:            Wallace Tang
CASE NUMBER:          4:18CR40100-1

## CRIMINAL MONETARY PENALTIES

You must pay the total criminal monetary penalties under the Schedule of Payments set below.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $100 | Not Applicable | Waived | $1,084,418.60 |

☐   The determination of restitution is deferred until

An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   You must make restitution (including community restitution) to the following payees in the amount listed below.

If you make a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| National Science Foundation (NSF) | $812.656.00 | $812.656.00 | |
| National Aeronautics and Space Administration (NASA) | $124,942.77 | $124,942.77 | |
| Department of Energy (DOE) | $146,819.83 | $146,819.83 | |
| **TOTALS** | $1,084,418.60 | $1,084,418.60 | |

☐   Restitution amount ordered pursuant to Plea Agreement  $ _____

☐   You must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the Judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The Court determined that you do not have the ability to pay interest and it is ordered that:

☐   the interest requirement is waived for the   ☐  fine   ☐  restitution.

☐   the interest requirement for the   ☐  fine   ☐  restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 4:19-cv-04029-KES   Document 1-1   Filed 02/08/19   Page 6 of 9 PageID #: 21
Case 4:18-cr-40100-KES   Document 80 . Filed 01/14/19   Page 6 of 6 PageID #: 486

Judgment – Page 6 of 6

AO245B    (Rev. 11/16) Judgment in a Criminal Case
          Sheet 6 — Schedule of Payments

DEFENDANT:        Wallace Tang
CASE NUMBER:      4:18CR40100-1

## SCHEDULE OF PAYMENTS

Having assessed your ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ■  Lump sum payment of   $1,084,518.60   due immediately, balance due

    ☐  not later than _____ , or

    ☐  in accordance with   ☐  C,   ☐   D,   ☐   E, or   ☐   F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐  C,   ☐   D, or   ☐  F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ ,
    to commence _____ *(e.g., 30 or 60 days)* after the date of this Judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ ,
    to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
    term of supervision; or

**E**  ☐  Payment of the total restitution and other criminal monetary penalties shall be due in regular quarterly installments of 50% of
the deposits in your inmate trust account while the you are in custody, or 10% of your inmate trust account while serving
custody at a Residential Reentry Center.  Any portion of the monetary obligation(s) not paid in full prior to your release from
custody shall be due in monthly installments of $_____, such payments to begin _____ days following your release.

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the Court has expressly ordered otherwise, if this Judgment imposes imprisonment, payment of criminal monetary penalties is due
during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

You shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

■  Joint and Several
    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.
    Laserlith Corporation   4:18CR40100-03   $1,084,418.60
    Black Hills Nanosystems, Corporation   4:18CR4100-04   $1,084,418.60
    Blue Sky Engineering, Incorporated   4:18CR40100-05   $1,084,418.60

☐  You shall pay the cost of prosecution.

☐  You shall pay the following court cost(s):

☐  You shall forfeit your interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court
costs.

AO 245B   (Rev. 11/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

### District Of South Dakota, Southern Division

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> **v.** <br><br> Blue Sky Engineering Incorporated | **JUDGMENT IN A CRIMINAL CASE** <br><br> Case Number:  4:18CR40100–5 <br><br> USM Number:  N/A <br><br> Timothy W. Billion / Thomas F. Carlucci <br> Defendant's Attorney |

## THE DEFENDANT:

■ pleaded guilty to count(s)   1 of the Information.

☐ pleaded nolo contendere to count(s)
which was accepted by the Court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Wire Fraud | 2016 | 1 |

The defendant is sentenced as provided in this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States attorney of material changes in economic circumstances.

01/14/2019
Date of Imposition of Judgment

*Karen E. Schreier*
Signature of Judge

Karen E. Schreier, United States District Judge
Name and Title of Judge

*January 14, 2019*
Date

Case 4:19-cv-04029-KES   Document 1-1   Filed 02/08/19   Page 8 of 9 PageID #: 23
Case 4:18-cr-40100-KES   Document 87   Filed 01/14/19   Page 2 of 3 PageID #: 510

Judgment - Page 2 of 3

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT:           Blue Sky Engineering Incorporated
CASE NUMBER:         4:18CR40100-5

## CRIMINAL MONETARY PENALTIES

You must pay the total criminal monetary penalties under the Schedule of Payments set below.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $400 | Not Applicable | Waived | $1,084,418.60 |

☐   The determination of restitution is deferred until

An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   You must make restitution (including community restitution) to the following payees in the amount listed below.

If you make a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| National Science Foundation (NSF) | $812.656.00 | $812.656.00 | |
| National Aeronautics and Space Administration (NASA) | $124,942.77 | $124,942.77 | |
| Department of Energy (DOE) | $146,819.83 | $146,819.83 | |
| | | | |
| TOTALS | $1,084,418.60 | $1,084,418.60 | |

☐   Restitution amount ordered pursuant to Plea Agreement  $ _____

☐   You must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the Judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18.U.S.C. § 3612(g).

☐   The Court determined that you do not have the ability to pay interest and it is ordered that:

☐   the interest requirement is waived for the   ☐   fine   ☐   restitution.

☐   the interest requirement for the   ☐   fine   ☐   restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 4:19-cv-04029-KES   Document 1-1   Filed 02/08/19   Page 9 of 9 PageID #: 24
Case 4:18-cr-40100-KES   Document 87   Filed 01/14/19   Page 3 of 3 PageID #: 511

Judgment – Page 3 of 3

AO245B   (Rev. 11/16) Judgment in a Criminal Case
     Sheet 6 — Schedule of Payments

| | |
|---|---|
| DEFENDANT: | Blue Sky Engineering Incorporated |
| CASE NUMBER: | 4:18CR40100-5 |

## SCHEDULE OF PAYMENTS

Having assessed your ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of   $1,084,818.60   due immediately, balance due

    ☐   not later than _____ , or

    ☐   in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ ,
    to commence _____ (e.g., 30 or 60 days) after the date of this Judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ ,
    to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

**E** ☐ Payment of the total restitution and other criminal monetary penalties shall be due in regular quarterly installments of 50% of the deposits in your inmate trust account while the you are in custody, or 10% of your inmate trust account while serving custody at a Residential Reentry Center. Any portion of the monetary obligation(s) not paid in full prior to your release from custody shall be due in monthly installments of $_____, such payments to begin _____ days following your release.

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the Court has expressly ordered otherwise, if this Judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

You shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑   Joint and Several
    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.
    Wallace Tang   4:18CR40100-01   $1,084,418.60
    Laserlith Corporation   4:18CR4100-03   $1,084,418.60
    Black Hills Nanosystems, Corporation   4:18CR4100-04   $1,084,418.60

☐   You shall pay the cost of prosecution.

☐   You shall pay the following court cost(s):

☐   You shall forfeit your interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

WALLACE TANG; and
BLUE SKY ENGINEERING,
INCORPORATED,

Defendants.

CR 18- 40100

FACTUAL BASIS STATEMENT

The Defendants state that the following facts are true, and the parties agree that they establish a factual basis for the offense(s) to which the Defendants are pleading guilty pursuant to Fed. R. Crim. P. 11(b)(3):

On May 21, 1998, MicroAssembly Technologies, Incorporated ("MicroAssembly"), by and through its founder, President, and Secretary Wallace Tang, registered as a domestic, for-profit corporation with the California Secretary of State. Defendant Tang served in those capacities until on or about 2014. On March 19, 2014, MicroAssembly claimed a Fargo, North Dakota, [handwritten: W.T. 2007 at which point he served as a director for business matters] address in state filings in California and listed a now-deceased individual as its corporate officer. Effective April 1, 2015, the address for MicroAssembly was 3411 Regatta Boulevard, Richmond, California 94804.

On July 5, 2012, Defendant Blue Sky Engineering, Incorporated ("Blue Sky"), at the direction and behest of Tang, was registered as a foreign, for-profit



EXHIBIT
2

corporation with the North Dakota Secretary of State. Blue Sky was registered as a foreign corporation in California on May 15, 2015. Effective May 15, 2013, the address for Blue Sky was 417 Maine Avenue, Suite 3, Fargo, North Dakota 58103. While an individual known to the Grand Jury and United States served as President of Blue Sky for a period of time, Tang served as Blue Sky's ~~Chief Executive Officer, Chief Financial Officer~~, President w.T. Secretary, and bank account signatory.

MicroAssembly was the parent corporate entity of Blue Sky, and other corporate entities, including Laserlith Corporation ("Laserlith") and Black Hills Nanosystems Corporation ("Black Hills Nano"). Sine Chao served as the Principle Corporate Officer of Laserlith; Gina Kim served as the Principal Corporate Officer of Black Hills Nano. All of these entities were related and conducted operations in the State and District of South Dakota, affecting interstate commerce, and Black Hills Nano's registered agent for service of process was located in Sioux Falls, South Dakota.

Although the principals interchanged the names of the entities for various projects, the work of these individuals and entities significantly overlapped. Chao also served as MicroAssembly's Chief Financial Officer and as a former Director. Kim worked as an engineer for MicroAssembly. While Kim served as Black Hills Nano's President, Tang served as its Director of Research and Development. While Chao served as Laserlith's President, Tang served as a company Officer and Kim served as its Corporate Secretary.

[2]

The National Science Foundation ("NSF"), the National Aeronautics and Space Administration ("NASA"), and the Department of Energy ("DOE") participated in the Small Business Innovation Research ("SBIR") Program and Small Business Transfer Technology Research ("STTR") Program through which Defendants sought and obtained federal funds.  All SBIR and STTR proposals were required to be electronically submitted to the federal agency offering the grant or contract opportunity.  NSF's, NASA's, and DOE's computer servers used to receive contract proposals were located in Virginia, Mississippi and Maryland, respectively.  Federal SBIR and STTR grant and contract award payments were electronically transferred from the associated federal agency, through the United States Department of the Treasury, and then wired to a business bank account identified by the Defendants.  Defendants also used wires to transmit interstate communications to and from South Dakota.

Beginning in approximately 2012, and continuing through 2016, within the State and District of South Dakota and elsewhere, Defendant Blue Sky, along with MicroAssembly and with others both known and unknown to the Grand Jury and United States, did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree together and with each other to devise a scheme and artifice to defraud, and obtain money and property by means of false and fraudulent pretenses, representations, and promises, by sending and causing to be sent a sign, signal, and sound to be transmitted by means of wire communications in interstate and foreign commerce, in violation of 18 U.S.C. § 1349.  The object of Defendant Blue Sky's conspiracy was to obtain federally-

[3]

funded projects by and through material misrepresentations, statements, and omissions, thereby depriving the United States the ability to fund other small businesses and resulting in the enrichment of Defendant Blue Sky, MicroAssembly, and others.

In furtherance of the conspiracy and to accomplish the object thereof, Defendant Blue Sky did commit the following overt acts, as well as others, in the District of South Dakota and elsewhere, and at all times relevant to this case:

1.     Defendant Blue Sky applied for and received federal awards. Defendant Blue Sky communicated with, transmitted proposals through, and received payments by electronic communications and wires.  These electronic transmissions and wires were interstate.

2.     Defendant Blue Sky applied for and received federal awards for essentially equivalent work, or portions thereof, concealing the existence of the awards and the relationships between related companies from the awarding agencies.

3.     During the application process, Defendant Blue Sky misrepresented the existence and use of distinct company facilities, equipment, and operations in South Dakota and North Dakota, and elsewhere outside of California.  These representations and statements were false in that all of the companies were co-located in a common facility in Richmond, California, sharing the same resources and performing essentially equivalent work, or portions thereof.

4.     Between 2012 and 2016, Defendant Blue Sky submitted, or caused the submission of, wire transmissions of approximately eight (8) false claims and

[4]

materially false statements with knowledge of their falsity, solely to obtain federal awards. "Knowledge" is defined as being (1) actual knowledge, (2) deliberate ignorance of the truth or falsity of the information, or (3) reckless disregard of the truth or falsity of the information. The term "material" means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property.

5.     Defendant Blue Sky's actions, false statements and claims, and misrepresentations included the preparation and submission of proposals for awards under the NSF, NASA, and DOE programs, specifically involving costs, employees, the eligibility of principal investigators, suitability of facilities, location of facilities, subcontractors, consultants, letters of support, and certifications submitted to NSA, NASA, and DOE.

6.     Defendant Blue Sky's actions, false statements and claims, and material misrepresentations resulted in the receipt of payments from the U.S. government. The fraudulently-obtained NSF, NASA, and DOE awards totaled $1,084,418.60, joint and several between MicroAssembly, Blue Sky, Laserlith, and Black Hills Nano. As a result of Defendant Blue Sky's scheme and artifice to defraud and to obtain money and property by means of false, fictitious, and fraudulent pretenses, representations, and promises relating to material facts, Defendant Blue Sky knowingly presented or caused to be presented a false and fraudulent claim via interstate wire transmissions and unlawfully obtained an award from a federal agency, as set forth below:

[5]

| Awarding Agency & Year | Awarded Defendant & Amount | Nature of Project & Proposal Number |
|---|---|---|
| NSF 2013 | Blue Sky $149,994.00 | High Efficiency Flexible Solar Panels regarding proposal number 1315777 |

The above-awarded amount represents Defendant Blue Sky's exclusive portion of the total loss to the United States of $1,084,418.60.  Defendant Blue Sky's actions were in violation of 18 U.S.C. § 1349.

Between 2012 and 2016 and at all times relevant to this case, Wallace Tang, as executive corporate principal and officer, submitted, or caused the submission of, the following wire transmissions of seven (7) materially false statements with knowledge of their falsity, solely to obtain federal awards for Defendant Blue Sky and its related entities from NSF, NASA, or DOE.

| Approximate Date | Document | Description |
|---|---|---|
| 12/3/2012 | NSF proposal 1315777 titled High Efficiency Flexible Solar Panels | False information provided regarding primary performance location personnel, facilities, and other "essentially equivalent" or duplicate proposals. |
| 3/28/2013 | NSF SBIR/STTR Administrative Questions for NSF proposal 1315777 titled High Efficiency Flexible Solar Panels | False statements made to task overlap with other proposals, to primary employment of affiliated companies, and to location of significant research. |
| 4/8/2013 | NSF SBIR/STTR Funding Agreement Certification for NSF proposal 1315777 titled High Efficiency Flexible Solar Panels | False Statements made to place of performance and to "essentially equivalent" or a portion of the work proposed. |
| 7/152014 | NSF SBIR/STTR Final Report Cover Page for NSF proposal 1315777 titled | False statements or information provided regarding "essentially equivalent work," |

[6]

| | High Efficiency Flexible Solar Panels | primary employment, and facilities. |
|---|---|---|
| 1/28/2015 | NASA proposal (number H8.03-8999, entitled "Low-Cost Multi-Junction Photovoltaic Panels") | False information provided regarding personnel, facilities, and other "essentially equivalent" or duplicate proposals. |
| 1/28/2015 | Form A for NASA proposal (number H8.03-8999, entitled "Low-Cost Multi-Junction Photovoltaic Panels") | False information provided regarding "essentially equivalent work" or "a portion of the work proposed" being submitted or funded by another federal agency. |
| 2/3/2015 | DOE proposal (number 218692, entitled "High Density Connectors and Cables for Vertex Detectors") | False information provided regarding personnel, equipment, and facilities. |

As to Count 2 specifically and solely, on January 28, 2015, in the District of South Dakota and elsewhere, Defendant Wallace Tang, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud the United States and its agencies and to obtain money and property by means of false, fictitious and fraudulent pretenses, representations, and promises relating to material facts, did knowingly transmit and cause to be transmitted by means of wire communications in interstate or foreign commerce writings, signs, signals, pictures, and sounds as follows: a wire communication from MicroAssembly, by and through Defendant Blue Sky as general contract and with Black Hills Nano serving as subcontractor, containing NASA proposal numbered H8.03-8999, entitled "Low Cost Multi-Junction Photovoltaic Panels." This proposal was fraudulent and contained material representations in that it contained "essentially equivalent work," or a portion thereof, to proposals

[7]

submitted as part of the conspiracy, as set forth above and as alleged in the Information, between Defendant Blue Sky, MicroAssembly, Laserlith, and Black Hills Nano.   After transmitting this wire containing fraudulent and material representations, Defendant Tang withdrew the proposal from NASA, thereby resulting in no actual loss for purposes of Count 2 of the Information and this Plea Agreement.   Although NASA proposal numbered H8.03-8999 was later withdrawn, Defendant Tang submitted the proposal with the intent to defraud NASA.

RONALD A. PARSONS, JR.
United States Attorney

_8/13/18_
Date

Jeremy R. Jehangiri
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone:  (605)330-4400
Facsimile:  (605)330-4410
E-Mail:  Jeremy.Jehangiri@usdoj.gov

_8-8-18_
Date

Wallace Tang, individually and as
executive corporate principal and officer
for Blue Sky Engineering, Inc.
Defendants

_8/10/18_
Date

Thomas P. Carlucci
Attorney for Defendants

[8]

AO 245B   (Rev. 11/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District Of South Dakota, Southern Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| Laserlith Corporation | Case Number:     4:18CR40100–3 |
| | USM Number:     N/A |
| | Timothy W. Billion / Noah F. Stern |
| | Defendant's Attorney |

## THE DEFENDANT:

■ pleaded guilty to count(s)     1 of the Information.

☐ pleaded nolo contendere to count(s)
which was accepted by the Court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1343 | Conspiracy to Commit Wire Fraud | 2016 | 1 |

The defendant is sentenced as provided in this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____     ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States attorney of material changes in economic circumstances.

01/14/2019
Date of Imposition of Judgment

_Karen E. Schreier_
Signature of Judge

Karen E. Schreier, United States District Judge
Name and Title of Judge

January 14, 2019
Date

**EXHIBIT**

tabbies

3

Case 4:19-cv-04029-KES · Document 1-3 · Filed 02/08/19 · Page 2 of 3 PageID #: 34
Case 4:18-cr-40100-KES · Document 83 · Filed 01/14/19 · Page 2 of 3 PageID #: 494

Judgment – Page **2** of 3

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
        Sheet 5 — Criminal Monetary Penalties

DEFENDANT:           Laserlith Corporation
CASE NUMBER:      4:18CR40100-3

## CRIMINAL MONETARY PENALTIES

You must pay the total criminal monetary penalties under the Schedule of Payments set below.

| | **Assessment** | **JVTA Assessment\*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $400 | Not Applicable | Waived | $1,084,418.60 |

☐   The determination of restitution is deferred until

An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   You must make restitution (including community restitution) to the following payees in the amount listed below.

If you make a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss\*\* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| National Science Foundation (NSF) | $812.656.00 | $812.656.00 | |
| National Aeronautics and Space Administration (NASA) | $124,942.77 | $124,942.77 | |
| Department of Energy (DOE) | $146,819.83 | $146,819.83 | |

| | | | |
|---|---|---|---|
| **TOTALS** | $1,084,418.60 | $1,084,418.60 | |

☐   Restitution amount ordered pursuant to Plea Agreement  $ _____

☐   You must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the Judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The Court determined that you do not have the ability to pay interest and it is ordered that:

      ☐   the interest requirement is waived for the   ☐   fine   ☐   restitution.

      ☐   the interest requirement for the   ☐   fine   ☐   restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 4:19-cv-04029-KES   Document 1-3   Filed 02/08/19   Page 3 of 3 PageID #: 35
Case 4:18-cr-40100-KES   Document 83   Filed 01/14/19   Page 3 of 3 PageID #: 495

Judgment – Page 3 of 3

AO245B    (Rev. 11/16) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT:          Laserlith Corporation
CASE NUMBER:        4:18CR40100-3

## SCHEDULE OF PAYMENTS

Having assessed your ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ■    Lump sum payment of   $1,084,818.60   due immediately, balance due

     ☐   not later than _____ , or

     ☐   in accordance with   ☐   C,   ☐   D,   ☐   E, or   ☐   F below; or

**B** ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ ,
     to commence _____ *(e.g., 30 or 60 days)* after the date of this Judgment; or

**D** ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ ,
     to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
     term of supervision; or

**E** ☐   Payment of the total restitution and other criminal monetary penalties shall be due in regular quarterly installments of 50% of
     the deposits in your inmate trust account while the you are in custody, or 10% of your inmate trust account while serving
     custody at a Residential Reentry Center.  Any portion of the monetary obligation(s) not paid in full prior to your release from
     custody shall be due in monthly installments of $_____, such payments to begin _____ days following your release.

**F** ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the Court has expressly ordered otherwise, if this Judgment imposes imprisonment, payment of criminal monetary penalties is due
during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

You shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

■   Joint and Several
     Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
     and corresponding payee, if appropriate.
     Wallace Tang   4:18CR40100-01   $1,084,418.60
     Black Hills Nanosystems, Corporation   4:18CR4100-04   $1,084,418.60
     Blue Sky Engineering, Incorporated   4:18CR40100-05   $1,084,418.60

☐   You shall pay the cost of prosecution.

☐   You shall pay the following court cost(s):

☐   You shall forfeit your interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court
costs.

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                    CR 18-40100-KES

          Plaintiff,

                             FACTUAL BASIS STATEMENT

    vs.

LASERLITH CORPORATION,

          Defendant.

The undersigned parties stipulate that the following facts are true and establish a factual basis for the plea in the action pursuant to Federal Rules of Criminal Procedure 11(b)(3):

On May 21, 1998, MicroAssembly Technologies, Incorporated ("MicroAssembly"), by and through its executive officer, Wallace Tang, registered as a domestic, for-profit corporation with the California Secretary of State. Effective April 1, 2015, the address for MicroAssembly was 3411 Regatta Boulevard, Richmond, California 94804. In 2014, MicroAssembly also claimed a Fargo, North Dakota, address in state filings in California.

On September 5, 2008, Defendant Laserlith Corporation ("Laserlith"), by and through its President Sine Chao, was registered as a foreign, for-profit corporation with the North Dakota Secretary of State. Defendant Laserlith was previously registered as a foreign corporation in California on August 24, 2007.



Effective March 20, 2014, the address for Defendant Laserlith was 4200 James Ray Drive, Suite 501, Grand Forks, North Dakota 58202.

MicroAssembly was the parent corporate entity of Defendant Laserlith, and other corporate entities, including Blue Sky Engineering, Incorporated, ("Blue Sky") and Black Hills Nanosystems Corporation ("Black Hills Nano"). Sine Chao served as the Principle Corporate Officer of Defendant Laserlith; Gina Kim served as the Principal Corporate Officer of Black Hills Nano. All of these entities were related and conducted operations in the State and District of South Dakota, affecting interstate commerce, and Black Hills Nano's registered agent for service of process was located in Sioux Falls, South Dakota.

Although the principals interchanged the names of the entities for various projects, the work of these individuals and entities significantly overlapped. Chao also served as MicroAssembly's Chief Financial Officer and as a former Director. Kim worked as an engineer for MicroAssembly. While Kim served as Black Hills Nano's President, Tang served as its Director of Research and Development. While Chao served as Defendant Laserlith's President, Tang served as a company Officer and Kim served as its Corporate Secretary.

The National Science Foundation ("NSF"), the National Aeronautics and Space Administration ("NASA"), and the Department of Energy ("DOE") participated in the Small Business Innovation Research ("SBIR") Program and Small Business Transfer Technology Research ("STTR") Program through which Defendants sought and obtained federal funds. All SBIR and STTR proposals were required to be electronically submitted to the federal agency offering the

[2]

grant or contract opportunity. NSF's, NASA's, and DOE's computer servers used to receive contract proposals were located in Virginia, Mississippi and Maryland, and Virginia, respectively. Federal SBIR and STTR grant and contract award payments were electronically transferred from the associated federal agency, through the United States Department of the Treasury, and then wired to a business bank account identified by the Defendants. Defendants also used wires to transmit interstate communications to and from South Dakota.

Beginning in approximately 2012, and continuing through 2016, within the State and District of South Dakota and elsewhere, Defendant Laserlith, at the direction and behest of its principal, Sine Chao, along with others both known and unknown to the Grand Jury and United States, did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree together and with each other to devise a scheme and artifice to defraud, and obtain money and property by means of false and fraudulent pretenses, representations, and promises, by sending and causing to be sent a sign, signal, and sound to be transmitted by means of wire communications in interstate and foreign commerce, in violation of 18 U.S.C. § 1349. The object of Defendants' conspiracy was to obtain federally-funded projects by and through material misrepresentations, statements, and omissions, thereby depriving the United States the ability to fund other small businesses and resulting in the enrichment of Defendants Laserlith, MicroAssembly, Blue Sky, and Black Hills Nano, and of individuals Wallace Tang, Sine Chao, and Gina Kim.

[3]

In furtherance of the conspiracy and to accomplish the object thereof, Defendant Laserlith and Sine Chao, individually and as duly authorized officer for Laserlith Corporation, did commit the following overt acts, as well as others, in the District of South Dakota and elsewhere, and at all times relevant to this case:

1. Defendant Laserlith and Sine Chao applied for and received federal awards. Defendant Laserlith and Sine Chao communicated with, transmitted proposals through, and received payments by electronic communications and wires. These electronic transmissions and wires were interstate.

2. Defendant Laserlith and Sine Chao applied for and received federal awards for essentially equivalent work, or portions thereof, concealing the existence of the awards and the relationships between related companies from the awarding agencies.

3. During the application process, Defendant Laserlith and Sine Chao misrepresented the existence and use of distinct company facilities, equipment, and operations in South Dakota and North Dakota, and elsewhere outside of California. These representations and statements were false in that all of the companies were co-located in a common facility in Richmond, California, sharing the same resources and performing essentially equivalent work, or portions thereof.

4. Between 2012 and 2016, Defendant Laserlith and Sine Chao submitted, or caused the submission of, wire transmissions of approximately four (4) false claims and six (6) materially false statements with knowledge of

[4]

their falsity, solely to obtain federal awards. These false claims are specifically set forth in the chart on pages 7 through 8 of this Factual Basis Statement. "Knowledge" is defined as being (1) actual knowledge, (2) deliberate ignorance of the truth or falsity of the information, or (3) reckless disregard of the truth or falsity of the information. The term "material" means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property.

5.     Defendant Laserlith's and Sine Chao's actions, false statements, and misrepresentations included the preparation and submission of proposals for awards under the NSF, NASA, and DOE programs, specifically involving costs, employees, the eligibility of principal investigators, suitability of facilities, location of facilities, subcontractors, consultants, letters of support, and certifications submitted to NSF, NASA, and DOE.

6.     Defendant Laserlith's and Sine Chao's actions, false statements, and material misrepresentations resulted in the receipt of payments from the U.S. government. The fraudulently-obtained NSF, NASA, and DOE awards totaled $1,086,487.77, joint and several between Defendant Laserlith, and corporate entities MicroAssembly, Blue Sky, and Black Hills Nano.

As a result of Defendant Laserlith's and Sine Chao's scheme and artifice to defraud and to obtain money and property by means of false, fictitious, and fraudulent pretenses, representations, and promises relating to material facts, Defendant Laserlith and Sine Chao knowingly presented or caused to be

[5]

presented false or fraudulent proposals via interstate wire transmissions and unlawfully obtained an award from a federal agency, as set forth below:

| Awarding Agency & Year | Awarded Defendant & Amount | Nature of Project & Proposal Number |
|---|---|---|
| NSF 2014 | Laserlith $734,890.00 | Micromachined components for wireless applications regarding proposal number 1431008 |
| NSF 2012 | Laserlith $149,497.00 | Micromachined Varactor for Antenna Impedance Matching regarding proposal number 1217624 |
| NSF 2013 | Laserlith $179,479.00 | RF Mems Relay for ATE Applications regarding proposal number 1143347 |

The above awards to Defendant Laserlith amounted to $1,063,866.00. NSF award-number 1431008 was terminated when Defendant Laserlith's conduct was discovered. Upon terminating this award, NSF recovered $551,168.00, thereby bringing the total loss to the United States of $512,698.00. This amount represents Defendant Laserlith's portion of the total loss to the United States. Defendant Laserlith's actions were in violation of 18 U.S.C. § 1349.

At all times relevant to the above awards, Sine Chao, acting individually and as the duly authorized officer for Laserlith Corporation, submitted, or caused the submission of, wire transmissions specifically relating to the proposals with knowledge of materially false statements and representations in the proposals, solely to obtain federal awards for Defendant Laserlith and its related entities from NSF, NASA, or DOE. Furthermore, between 2012 and 2016 and at all times relevant to this case, Sine Chao, acting individually and as the duly authorized officer for Defendant Laserlith Corporation, submitted, or caused the submission

[6]

of, wire transmissions of three (3) false claims and four (4) materially false statements with knowledge of their falsity, solely to obtain federal awards for Defendant Laserlith and its related entities from NSF, NASA, or DOE, as follows:

| Date | Amount | Claim | Description |
|---|---|---|---|
| 1/16/2013 | $179,479 | NSF Final Report Cover Page with SBIR/STTR Funding Agreement Certification for NSF Proposal 1143347 titled RF MEMS Relay for ATE Applications | False Statements made to place of performance, all funds expended as budgeted, and primary employment of PI |
| 7/15/2013 | $149,497 | NSF Final Report Cover Page with SBIR/STTR Funding Agreement Certification for NSF Proposal 1217624 titled Micromachined Varactor for Antenna Impedance Matching | False Statements made to place of performance, all funds expended as budgeted, and primary employment of PI |
| 1/31/2014 | $734,890 | NSF Proposal 1431008 titled Micromachined components for wireless applications | False information and statements provided regarding place of performance, primary employment, equipment and facilities. |

| Approximate Date | Document | Description |
|---|---|---|
| 7/15/2013 | NSF SBIR/STTR Final Report Cover Page for Micromachined Varactor for Antenna Impedance Matching | False statements provided regarding primary employment, and facilities. |
| 1/30/2014 | NSF Proposal 1431008 titled Micromachined components for wireless applications | False information and statements provided regarding place of performance, primary |

| | | employment, equipment and facilities. |
|---|---|---|
| 6/17/2014 | NSF SBIR/STTR Administrative Questions for 1431008 titled Micromachined components for wireless applications | False statements made to tasks overlapping with other proposals, to the affiliated companies, and to the location of significant research. |
| 4/30/2015 | NSF SBIR/STTR Interim Report Cover Page for Micromachined components for wireless applications | False statements or information provided regarding primary employment and facilities. |

RONALD A. PARSONS, JR.
United States Attorney

_____9/4/18_____
Date

Jeremy R. Jehangiri
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone:  (605)330-4400
Facsimile:  (605)330-4410
E-Mail:  Jeremy.Jehangiri@usdoj.gov


_____9/4/2018_____
Date

Sine Chao, individually and as duly
authorized officer for Laserlith Corporation
Defendant


_____September 4, 2018_____
Date

Michael Li-Ming Wong
Attorney for Defendant


[8]

AO 245B   (Rev. 11/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District Of South Dakota, Southern Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br><br>Black Hills Nanosystems Corporation | ) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) ) |

**JUDGMENT IN A CRIMINAL CASE**

Case Number:      4:18CR40100–4

USM Number:      N/A

Randall S. Luskey / Timothy W. Billion
Defendant's Attorney

## THE DEFENDANT:

■ pleaded guilty to count(s)      1 of the Information.

☐ pleaded nolo contendere to count(s)
which was accepted by the Court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Wire Fraud | 2016 | 1 |

The defendant is sentenced as provided in this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____      ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States attorney of material changes in economic circumstances.

01/14/2019
Date of Imposition of Judgment

*Karen E. Schreier*
Signature of Judge

Karen E. Schreier, United States District Judge
Name and Title of Judge

*January 14, 2019*
Date

**EXHIBIT**

tabber      5

Judgment – Page 2 of 3

AO 245B  (Rev. 11/16) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT: Black Hills Nanosystems Corporation
CASE NUMBER: 4:18CR40100-4

## CRIMINAL MONETARY PENALTIES

You must pay the total criminal monetary penalties under the Schedule of Payments set below.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $400 | Not Applicable | Waived | $1,084,418.60 |

☐ The determination of restitution is deferred until

An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ You must make restitution (including community restitution) to the following payees in the amount listed below.

If you make a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| National Science Foundation (NSF) | $812,656.00 | $812,656.00 | |
| National Aeronautics and Space Administration (NASA) | $124,942.77 | $124,942.77 | |
| Department of Energy (DOE) | $146,819.83 | $146,819.83 | |

| **TOTALS** | $1,084,418.60 | $1,084,418.60 | |

☐ Restitution amount ordered pursuant to Plea Agreement $ _____

☐ You must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the Judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The Court determined that you do not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 4:19-cv-04029-KES   Document 1-5   Filed 02/08/19   Page 3 of 3 PageID #: 46
Case 4:18-cr-40100-KES   Document 85   Filed 01/14/19   Page 3 of 3 PageID #: 503

Judgment – Page 3 of 3

AO245B   (Rev. 11/16) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT:        Black Hills Nanosystems Corporation
CASE NUMBER:      4:18CR40100-4

## SCHEDULE OF PAYMENTS

Having assessed your ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ■   Lump sum payment of   $1,084,818.60   due immediately, balance due

    ☐   not later than _____ , or

    ☐   in accordance with   ☐   C,   ☐   D,   ☐   E, or   ☐   F below; or

**B** ☐   Payment to begin immediately (may be combined with   ☐   C,   ☐   D, or   ☐   F below); or

**C** ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ ,
    to commence _____ (e.g., 30 or 60 days) after the date of this Judgment; or

**D** ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ ,
    to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

**E** ☐   Payment of the total restitution and other criminal monetary penalties shall be due in regular quarterly installments of 50% of
    the deposits in your inmate trust account while you are in custody, or 10% of your inmate trust account while serving
    custody at a Residential Reentry Center.  Any portion of the monetary obligation(s) not paid in full prior to your release from
    custody shall be due in monthly installments of $_____, such payments to begin _____ days following your release.

**F** ☐   Special instructions regarding the payment of criminal monetary penalties:


Unless the Court has expressly ordered otherwise, if this Judgment imposes imprisonment, payment of criminal monetary penalties is due
during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

You shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

■   Joint and Several
    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.
    Wallace Tang   4:18CR40100-01   $1,084,418.60
    Laserlith Corporation   4:18CR4100-03   $1,084,418.60
    Blue Sky Engineering, Incorporated   4:18CR40100-05   $1,084,418.60
☐   You shall pay the cost of prosecution.

☐   You shall pay the following court cost(s):

☐   You shall forfeit your interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court
costs.

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18-40100-KES |
| Plaintiff, | |
| | FACTUAL BASIS STATEMENT |
| vs. | |
| BLACK HILLS NANOSYSTEMS CORPORATION, | |
| Defendant. | |

The undersigned parties stipulate that the following facts are true and establish a factual basis for the plea in the action pursuant to Federal Rules of Criminal Procedure 11(b)(3):

On May 21, 1998, MicroAssembly Technologies, Incorporated ("MicroAssembly"), by and through its founder, President, and Secretary Wallace Tang, registered as a domestic, for-profit corporation with the California Secretary of State. Effective April 1, 2015, the address for MicroAssembly was 3411 Regatta Boulevard, Richmond, California 94804. In 2014, MicroAssembly also claimed a Fargo, North Dakota, address in state filings in California.

On July 25, 2008, Defendant Black Hills Nanosystems Corporation ("Black Hills Nano"), by and through its President Gina Kim, was registered as a foreign, for-profit corporation with the South Dakota Secretary of State. Black Hills Nano's registered agent for service of process was located in Sioux Falls, South Dakota. Effective January 24, 2011, the address for Black Hills Nano was 2445 Dyess Avenue, Rapid City, South Dakota 57701. On May 2, 2014, Kim changed the

10

EXHIBIT
6

address of Black Hills Nano's principal executive office to 324 St. Joseph Street, Suite 202, Rapid City, South Dakota 57701. Kim applied for, and received, Black Hills Nano's corporate withdrawal on October 20, 2016, listing Black Hills Nano's principal office at an address in San Francisco, California.

MicroAssembly was the parent corporate entity of Defendant Black Hills Nano, and other corporate entities, including Blue Sky Engineering, Incorporated ("Blue Sky"), and Laserlith Corporation ("Laserlith"). Gina Kim served as the Principle Corporate Officer of Defendant Black Hills Nano; Sine Chao served as the Principal Corporate Officer of Laserlith. All of these entities were related and conducted operations in the State and District of South Dakota, affecting interstate commerce.

Although the principals interchanged the names of the entities for various projects, the work of these individuals and entities significantly overlapped. Chao also served as MicroAssembly's Chief Financial Officer and as a former Director. Kim worked as an engineer for MicroAssembly until approximately 2006. While Kim served as Defendant Black Hills Nano's President, Tang served as its Director of Research and Development. While Chao served as Laserlith's President, Tang served as a company Officer and Kim served as its Corporate Secretary until approximately 2008.

The National Science Foundation ("NSF"), the National Aeronautics and Space Administration ("NASA"), and the Department of Energy ("DOE") participated in the Small Business Innovation Research ("SBIR") Program and

11

Small Business Transfer Technology Research ("STTR") Program through which Defendants sought and obtained federal funds. All SBIR and STTR proposals were required to be electronically submitted to the federal agency offering the grant or contract opportunity. NSF's, NASA's, and DOE's computer servers used to receive contract proposals were located in Virginia, Mississippi and Maryland, and Virginia, respectively. Federal SBIR and STTR grant and contract award payments were electronically transferred from the associated federal agency, through the United States Department of the Treasury, and then wired to a business bank account identified by the Defendants. Defendants also used wires to transmit interstate communications to and from South Dakota.

Beginning in approximately 2012, and continuing through 2016, within the State and District of South Dakota and elsewhere, Defendant Black Hills Nano, at the direction and behest of its principal, Gina Kim, along with others both known and unknown to the Grand Jury and United States, did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree together and with each other to devise a scheme and artifice to defraud, and obtain money and property by means of false and fraudulent pretenses, representations, and promises, by sending and causing to be sent a sign, signal, and sound to be transmitted by means of wire communications in interstate and foreign commerce, in violation of 18 U.S.C. § 1349. The object of Defendants' conspiracy was to obtain federally-funded projects by and through material misrepresentations, statements, and omissions, thereby depriving the United States the ability to fund other small businesses and resulting in the

enrichment of Defendant Black Hills Nano, of corporate entities MicroAssembly, Blue Sky, and Laserlith, and of individuals Wallace Tang, Sine Chao, and Gina Kim.

In furtherance of the conspiracy and to accomplish the object thereof, Defendant Black Hills Nano and Gina Kim, individually and as executive corporate principal and officer for Defendant Black Hills Nano, did commit the following overt acts, as well as others, in the District of South Dakota and elsewhere, and at all times relevant to this case:

1.     Defendant Black Hills Nano and Gina Kim applied for and received federal awards. Defendant Black Hills Nano and Gina Kim communicated with, transmitted proposals through, and received payments by electronic communications and wires. These electronic transmissions and wires were interstate.

2.     Defendant Black Hills Nano and Gina Kim applied for and received federal awards for essentially equivalent work, or portions thereof, concealing the existence of the awards and the relationships between related companies from the awarding agencies.

3.     During the application process, Defendant Black Hills Nano and Gina Kim misrepresented the existence and use of distinct company facilities, equipment, and operations in South Dakota and North Dakota, and elsewhere outside of California. These representations and statements were false in that all of the companies were co-located in a common facility in Richmond, California,

13

sharing the same resources and performing essentially equivalent work, or portions thereof.

4.     Between 2012 and 2016, Defendant Black Hills Nano and Gina Kim submitted, or caused the submission of, wire transmissions of approximately six (6) false claims containing materially false statements with knowledge of their falsity, solely to obtain federal awards. Between 2012 and 2016, Defendant Black Hills Nano and Gina Kim submitted, or caused the submission of, wire transmissions of approximately twenty-four (24) materially false statements with knowledge of their falsity, solely to obtain federal awards. These false claims and statements are specifically set forth on pages 16 through 21 of this Plea Agreement's Factual Basis Statement.  "Knowledge" is defined as being (1) actual knowledge, (2) deliberate ignorance of the truth or falsity of the information, or (3) reckless disregard of the truth or falsity of the information.   The term "material" means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property.

5.     Defendant Black Hills Nano's and Gina Kim's actions, false statements, and misrepresentations included the preparation and submission of proposals for awards under the NSF, NASA, and DOE programs, specifically involving costs, employees, the eligibility of principal investigators, suitability of facilities, location of facilities, subcontractors, consultants, letters of support, and certifications submitted to NSA, NASA, and DOE.

6.     Defendant Black Hills Nano's and Gina Kim's actions, false statements, and material misrepresentations resulted in the receipt of payments from the U.S. government.   The fraudulently-obtained NSF, NASA, and DOE awards totaled $1,084,418.60, joint and several between Defendant Black Hills Nano, and corporate entities MicroAssembly, Blue Sky, and Laserlith.

As a result of Defendant Black Hills Nano's and Gina Kim's scheme and artifice to defraud and to obtain money and property by means of false, fictitious, and fraudulent pretenses, representations, and promises relating to material facts, Defendant Black Hills Nano and Gina Kim knowingly presented or caused to be presented false and fraudulent proposals via interstate wire transmissions and unlawfully obtained an award from a federal agency, as set forth below:

| Awarding Agency & Year | Awarded Defendant & Amount | Nature of Project & Proposal Number |
|---|---|---|
| NSF 2014 | Black Hills Nano $224,946.00 | MEMS Reconfigurable Antenna for Portable Wireless Devices regarding proposal number 1417284 |
| NASA 2013 | Black Hills Nano $124,942.77 | Low-Cost Multi-Junction Photovoltaic Cells regarding proposal number H8.04-9546 |
| DOE 2012 | Black Hills Nano $146,819.83 | Optimal Multijunction Solar Cells for CPV Under Realistic Conditions regarding proposal number 203324 |

The above awards to Defendant Black Hills Nano amounted to $496,708.60. NSF award-number 1417284 was terminated when Defendant Black Hills Nano's conduct was discovered. Upon terminating this award, NSF recovered $74,982.00, thereby bringing the total loss to the United States of $421,726.60.

This amount represents Defendant Black Hills Nano's portion of the total loss to the United States. Defendant Black Hills Nano's actions were in violation of 18 U.S.C. § 1349.

At all times relevant to the above awards, Gina Kim, acting individually and as executive corporate principal and officer for Black Hills Nano, submitted, or caused the submission of, wire transmissions specifically relating to the proposals with knowledge of materially false statements and representations in the proposals, solely to obtain federal awards for Defendant Black Hills Nano and its related entities from NSF, NASA, or DOE. Furthermore, between 2012 and 2016 and at all times relevant to this case, Gina Kim, acting individually and as executive corporate principal and officer for Defendant Black Hills Nano, submitted, or caused the submission of, wire transmissions of six (6) false claims and twenty-four (24) materially false statements with knowledge of each claim's and statement's falsity, solely to obtain federal awards for Defendant Black Hills Nano and its related entities from NSF, NASA, or DOE, as follows:

| Date | Amount | Claim | Description |
|------|--------|-------|-------------|
| 1/7/2013 | $148,889 | DOE SBIR Funding Agreement Certification related to proposal 203324, entitled "Optimal Multi-Junction Solar Cells for CPV under Realistic Conditions" | False certification or information provided regarding "essentially equivalent work," place of performance of research and research and development which initiated claim. |
| 6/13/2013 | $41,647.66 | NASA Initial invoice (#1 for contract number NNX13CC47P "Low-Cost Multi-Junction Photovoltaic Cells") | False information provided regarding "essentially equivalent work" being proposed or funded by another federal entity and |

16

| | | | regarding deliverables not being "submitted under another federal funding award." |
|---|---|---|---|
| 9/13/2013 | $41,647.67 | NASA Interim Invoice (#2 for contract number NNX13CC47P "Low-Cost Multi-Junction Photovoltaic Cells") | False information provided regarding "essentially equivalent work" being proposed or funded by another federal entity and regarding deliverables not being "submitted under another federal funding award." |
| 11/20/2013 | $5,000.00 | Final Patent/New Technology Report Invoice (#4 for contract number NNX13CC47P "Low-Cost Multi-Junction Photovoltaic Cells") | False information provided regarding "essentially equivalent work" being proposed or funded by another federal entity and regarding deliverables not being "submitted under another federal funding award." |
| 11/22/2013 | $36,647.67 | NASA Final Invoice (#4 for contract number NNX13CC47P "Low-Cost Multi-Junction Photovoltaic Cells") | False information provided regarding "essentially equivalent work" being proposed or funded by another federal entity and regarding deliverables not being "submitted under another federal funding award." |
| 4/17/2014 | $224,946 | NSF SBIR/STTR Funding Agreement Certification for NSF Proposal 1417284 titled STTR Phase I:MEMS Reconfigurable Antenna for Portable Wireless Devices | False Statements made to place of performance and facilities, with this form initiated claim and payments. |

| Approximate Date | Document | Description |
|---|---|---|
| 11/29/2012 | NASA proposal (number H8.04-9546, entitled "Low-Cost Multi-Junction Photovoltaic Cells") | False information provided regarding personnel, facilities, and other proposals. |
| 11/29/2012 | NASA Form A - SBIR Proposal Cover Sheet to NASA, related to NASA proposal (number H8.04-9546, entitled "Low-Cost Multi-Junction Photovoltaic Cells") | False statement related to: "All, essentially equivalent work or a portion of the work proposed under this project has not been submitted for funding by another Federal Agency." |
| 11/29/2012 | NASA Form C – Budget, related to NASA proposal (number H8.04-9546, entitled "Low-Cost Multi-Junction Photovoltaic Cells") | False information regarding labor, materials, overhead, and subcontracts |
| 1/7/2013 | DOE SBIR Funding Agreement Certification related to proposal 203324, entitled "Optimal Multi- Junction Solar Cells for CPV under Realistic Conditions" | False information provided regarding "essentially equivalent work," primary employment, and facilities. |
| 3/15/2013 | DOE proposal number 203324, entitled "Optimal Multi-Junction Solar Cells for CPV under Realistic Conditions and related administrative paperwork | False information provided regarding personnel and facilities initiated or caused to be initiated a draw down from Department of Treasury Automated standard Applications for Payment (ASAP). |
| 4/18/2013 | DOE proposal number 203324, entitled "Optimal Multi-Junction Solar Cells for CPV under Realistic Conditions and related administrative paperwork | False information provided regarding personnel and facilities initiated or caused to be initiated a draw down from Department of Treasury ASAP. |
| 5/13/2013 | NASA Consolidated Pre and Post-Negotiation Memorandum | False information or statements were provided or made to Government related to personnel, |

| | | labor rates, and subcontract costs. |
|---|---|---|
| 6/13/2013 | NASA Certification with Initial Submitted Invoice related to NASA proposal (number H8.04-9546, entitled "Low-Cost Multi-Junction Photovoltaic Cells") | False Statement regarding no "essentially equivalent work" has been proposed to or funded by another Federal Agency. |
| 7/10/2013 | DOE proposal number 203324, entitled "Optimal Multi-Junction Solar Cells for CPV under Realistic Conditions and related administrative paperwork | False information provided regarding personnel and facilities initiated or caused to be initiated a draw down from Department of Treasury ASAP. |
| 8/6/2013 | DOE proposal number 203324, entitled "Optimal Multi-Junction Solar Cells for CPV under Realistic Conditions" and related administrative paperwork | False information provided regarding personnel and facilities initiated or caused to be initiated a draw down from Department of Treasury ASAP. |
| 8/17/2013 | DOE proposal number 203324, entitled "Optimal Multi-Junction Solar Cells for CPV under Realistic Conditions" and related administrative paperwork | False information provided regarding personnel and facilities initiated or caused to be initiated a draw down from Department of Treasury ASAP. |
| 9/3/2013 | NASA Certification with Interim Submitted Invoice related to NASA proposal (number H8.04-9546, entitled "Low-Cost Multi-Junction Photovoltaic Cells") | False Statement regarding no "essentially equivalent work" has been proposed to or funded by another Federal Agency. |
| 9/27/2013 | DOE proposal number 203324, entitled "Optimal Multi-Junction Solar Cells for CPV under Realistic Conditions" and related administrative paperwork | False information provided regarding personnel and facilities initiated or caused to be initiated a draw down from Department of Treasury ASAP. |
| 10/24/2013 | DOE proposal number 203324, entitled "Optimal Multi-Junction | False information provided regarding |

| | | |
|---|---|---|
| | Solar Cells for CPV under Realistic Conditions" and related administrative paperwork | personnel and facilities initiated or caused to be initiated a draw down from Department of Treasury ASAP. |
| 11/20/2013 | NASA Certification with the New Technology Invoice submitted related to NASA proposal (number H8.04-9546, entitled "Low-Cost Multi-Junction Photovoltaic Cells") | False Statement regarding no "essentially equivalent work" has been proposed to or funded by another Federal Agency. |
| 11/22/2013 | NASA Certification with the Final Invoice submitted related to NASA proposal (number H8.04-9546, entitled "Low-Cost Multi-Junction Photovoltaic Cells") | False Statement regarding no "essentially equivalent work" has been proposed to or funded by another Federal Agency. |
| 11/23/2013 | NASA Final Report related to NASA proposal (number H8.04-9546, entitled "Low-Cost Multi-Junction Photovoltaic Cells") | False information regarding budget expenditures, personnel, and location. |
| 12/4/2013 | NSF Proposal 1417284 titled STTR Phase I:MEMS Reconfigurable Antenna for Portable Wireless Devices | False information provided regarding personnel, facilities and house equipment, place of performance. |
| 1/8/2014 | DOE proposal number 203324, entitled "Optimal Multi-Junction Solar Cells for CPV under Realistic Conditions" and related administrative paperwork | False information provided regarding personnel and facilities initiated or caused to be initiated a draw down from Department of Treasury ASAP. |
| 1/15/2014 | DOE proposal number 203324, entitled "Optimal Multi-Junction Solar Cells for CPV under Realistic Conditions" and related administrative paperwork | False information provided regarding personnel and facilities initiated or caused to be initiated a draw down from Department of Treasury ASAP. |
| 4/17/2014 | NSF SBIR/STTR Funding Agreement Certification for NSF Proposal 1417284 titled STTR | False Statements made to place of performance and facilities. |

| | Phase I:MEMS Reconfigurable Antenna for Portable Wireless Devices | |
|---|---|---|
| 4/17/2014 | NSF SBIR/STTR Administrative Questions for NSF Proposal 1417284 titled STTR Phase I:MEMS Reconfigurable Antenna for Portable Wireless Devices | False statements made to task overlap with other proposals, are there affiliated companies, location of significant research. |
| 4/17/2014 | Revised Budget for NSF Proposal 1417284 titled STTR Phase I:MEMS Reconfigurable Antenna for Portable Wireless Devices | False statements related to labor and budget cost. |
| 3/13/2015 | Resubmitted Final Report to NASA NASA proposal (number H8.04-9546, entitled "Low-Cost Multi-Junction Photovoltaic Cells") | False information regarding budget expenditures, personnel, other Federal funding and location of work. |

RONALD A. PARSONS, JR.
United States Attorney

_8/29/18_
Date

_Jeremy Jehangiri_
Jeremy R. Jehangiri
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone: (605)330-4400
Facsimile: (605)330-4410
E-Mail: Jeremy.Jehangiri@usdoj.gov

_8/17/18_
Date

Gina Kim, individually and as executive
corporate principal and officer for Black
Hills Nanosystems Corporation
Defendant

_8/27/18_
Date

Randy Luskey
Attorney for Defendant

21