UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:19-CV-4029 |
| vs. | ) | |
| | ) | |
| WALLACE TANG, Individually, and d/b/a | ) | |
| BLUE SKY ENGINEERING, INC.; | ) | |
| CASSINDY SINE CHAO, Individually, and | ) | |
| d/b/a LASERLITH CORP., and GINA KIM, | ) | |
| Individually, and d/b/a BLACK HILLS | ) | |
| NANOSYSTEMS CORP., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS LASERLITH CORPORATION'S AND SINE CHAO'S ANSWER TO COMPLAINT**


Defendants Laserlith Corp. and Sine Chao (the "Laserlith Defendants"), by and through their undersigned counsel, hereby answer and respond to Plaintiff's Complaint.  The Laserlith Defendants admit, deny, and allege as follows:


**Jurisdiction and Venue**

1.  Paragraph 1 contains conclusions of law to which no response is required.

2.  Paragraph 2 contains conclusions of law to which no response is required.

**Parties**

3.  The Laserlith Defendants admit the allegations in Paragraph 3.

4.  The Laserlith Defendants do not respond on behalf of Wallace Tang ("Tang"), Blue Sky Engineering, Inc. ("Blue Sky"), Gina Kim ("Kim"), or Black Hills Nanosystems Corp. ("Black

Hills").  The Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 4 and on that basis deny the allegations in this paragraph.

5.   The Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 5 and on that basis deny the allegations in this paragraph.

6.   The Laserlith Defendants admit the allegations in Paragraph 6.

7.   The Laserlith Defendants admit that Laserlith, Inc., 4200 James Ray Drive, Suite 501, Grand Forks, ND 58202, was registered as a foreign corporation with the North Dakota Secretary of State and that in 2015, Laserlith surrendered its authority to transact business and revoked the authority of its registered agent to accept service.  The Laserlith Defendants deny the remainder of the allegations in paragraph 7.

8.   The Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 8 and on that basis deny the allegations in this paragraph.

9.   The Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 9 and on that basis deny the allegations in this paragraph.

## General Allegations

10.  The Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 10 and on that basis deny the allegations in this paragraph.

11.  Paragraph 11 states allegations pertaining to the Laserlith Defendants that appear to be based on a factual basis statement, which speaks for itself.  The Laserlith Defendants admit signing the factual basis statement.  To the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them.  To the extent that the allegations in this paragraph pertain to other defendants, the

2

Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

12. Paragraph 12 states allegations pertaining to the Laserlith Defendants that appear to be based on a factual basis statement, which speaks for itself. The Laserlith Defendants admit signing the factual basis statement. To the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them. To the extent that the allegations in this paragraph pertain to other defendants, the Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

13. Paragraph 13 states allegations pertaining to the Laserlith Defendants that appear to be based on a factual basis statement, which speaks for itself. The Laserlith Defendants admit signing the factual basis statement. To the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them. To the extent that the allegations in this paragraph pertain to other defendants, the Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

14. Paragraph 14 states allegations pertaining to the Laserlith Defendants that appear to be based on a factual basis statement, which speaks for itself. The Laserlith Defendants admit signing the factual basis statement. To the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them. To the extent that the allegations in this paragraph pertain to other defendants, the Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

15. The Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 15 and on that basis deny the allegations in this paragraph.

16. The Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 16 and on that basis deny the allegations in this paragraph.

17. The Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 17 and on that basis deny the allegations in this paragraph.

18. The Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 18 and on that basis deny the allegations in this paragraph.

19. The Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 19 and on that basis deny the allegations in this paragraph.

20. The Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 20 and on that basis deny the allegations in this paragraph.

21. The Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 21 and on that basis deny the allegations in this paragraph.

22. The Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 22 except as otherwise stated herein and on that basis deny the allegations in this paragraph. The Laserlith Defendants admit that Wallace Tang, Sine Chao, and Gina Kim worked together at MicroAssembly.  The Laserlith Defendants deny the allegation that MicroAssembly became the parent corporate entity of the other entities.

23. Paragraph 23 states allegations pertaining to the Laserlith Defendants that appear to be based on a factual basis statement, which speaks for itself.  The Laserlith Defendants admit signing the factual basis statement.  To the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny

them.  To the extent that the allegations in this paragraph pertain to other defendants, the Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

24. Paragraph 24 states allegations pertaining to the Laserlith Defendants that appear to be based on a factual basis statement, which speaks for itself.  The Laserlith Defendants admit signing the factual basis statement.  To the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them.  To the extent that the allegations in this paragraph pertain to other defendants, the Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

25. Paragraph 25 states allegations pertaining to the Laserlith Defendants that appear to be based on a factual basis statement, which speaks for itself.  The Laserlith Defendants admit signing the factual basis statement.  To the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them.  To the extent that the allegations in this paragraph pertain to other defendants, the Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

26. Paragraph 26 states allegations pertaining to the Laserlith Defendants that appear to be based on a factual basis statement, which speaks for itself.  The Laserlith Defendants admit signing the factual basis statement.  To the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them.  To the extent that the allegations in this paragraph pertain to other defendants, the

Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

27. Paragraph 27 states allegations pertaining to the Laserlith Defendants that appear to be based on a factual basis statement, which speaks for itself.  The Laserlith Defendants admit signing the factual basis statement.  To the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them.  To the extent that the allegations in this paragraph pertain to other defendants, the Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

28. Paragraph 28 states allegations pertaining to the Laserlith Defendants that appear to be based on a factual basis statement, which speaks for itself.  The Laserlith Defendants admit signing the factual basis statement.  To the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them.  To the extent that the allegations in this paragraph pertain to other defendants, the Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

29. Paragraph 29 states allegations pertaining to the Laserlith Defendants that appear to be based on a factual basis statement, which speaks for itself.  The Laserlith Defendants admit signing the factual basis statement.  To the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them.  To the extent that the allegations in this paragraph pertain to other defendants, the Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

30. Paragraph 30 states allegations pertaining to the Laserlith Defendants that appear to be based on a factual basis statement, which speaks for itself.  The Laserlith Defendants admit signing the factual basis statement.  To the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them.  To the extent that the allegations in this paragraph pertain to other defendants, the Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

31. Paragraph 31 states allegations pertaining to the Laserlith Defendants that appear to be based on a factual basis statement, which speaks for itself.  The Laserlith Defendants admit signing the factual basis statement.  To the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them.  To the extent that the allegations in this paragraph pertain to other defendants, the Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

32. The Laserlith Defendants admit the allegations in Paragraph 32.

33. The Laserlith Defendants admit the allegations in Paragraph 33.

34. The Laserlith Defendants admit that Docket 38 is attached as Exhibit 2.  The Laserlith Defendants lack sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 34 and on that basis deny the allegations in this paragraph.  To the extent the allegations in this paragraph refer to a document, the document speaks for itself.

35.  The Laserlith Defendants admit the allegations in Paragraph 35.

36. The Laserlith Defendants admit the allegation in Paragraph 36 that Docket 36 is attached as Exhibit 4 to Plaintiff's Complaint.  The factual basis statement speaks for itself.  To the extent

that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them.

37. The Laserlith Defendants admit the allegations in Paragraph 37.

38. The Laserlith Defendants that Docket 16 is attached as Exhibit 6. The Laserlith Defendants lack sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 38 and on that basis deny the allegations in this paragraph. To the extent the allegations in this paragraph refer to a document, the document speaks for itself.

39. The Laserlith Defendants admit the allegation in Paragraph 39 that a restitution amount of $1,084,418.60 was agreed upon, but deny the remaining allegations in this paragraph.

<strong><u>Count One</u></strong>

<strong><u>Violations of the False Claims Act (31 U.S.C. § 3729)</u></strong>

40. Paragraph 40 contains conclusions of law to which no response is required.

41. Paragraph 41 contains conclusions of law to which no response is required.

42. The Laserlith Defendants admit the allegation that Wallace Tang pled guilty to wire fraud. The Laserlith Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 42, and on that basis deny them.

43. The Laserlith Defendants admit the allegation that Blue Sky, Laserlith, and Black Hills Nano pled guilty to conspiracy to commit wire fraud. The remainder of Paragraph 43 states allegations pertaining to the Laserlith Defendants that appear to be based on a factual basis statement, which speaks for itself. The Laserlith Defendants admit signing the factual basis statement. To the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them. To the extent that the allegations in this paragraph pertain to other defendants, the Laserlith Defendants lack

sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

44. Paragraph 44 contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 44 pertaining to the Laserlith Defendants appear to be based on a factual basis statement, which speaks for itself. The Laserlith Defendants admit signing the factual basis statement; to the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them. To the extent that the allegations in this paragraph pertain to other defendants, the Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

45. Paragraph 45 contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 45 pertaining to the Laserlith Defendants appear to be based on a factual basis statement, which speaks for itself. The Laserlith Defendants admit signing the factual basis statement; to the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them. To the extent that the allegations in this paragraph pertain to other defendants, the Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

46. Paragraph 46 contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 46 pertaining to the Laserlith Defendants appear to be based on a factual basis statement, which speaks for itself. The Laserlith Defendants admit signing the factual basis statement; to the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith

Defendants deny them.  To the extent that the allegations in this paragraph pertain to other defendants, the Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

47. Paragraph 47 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 47 pertaining to the Laserlith Defendants appear to be based on a factual basis statement, which speaks for itself.  The Laserlith Defendants admit signing the factual basis statement.  To the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them.  To the extent that the allegations in this paragraph pertain to other defendants, the Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

### Count Two

### Common Law Fraud

48.  Paragraph 48 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 48 pertaining to the Laserlith Defendants appear to be based on a factual basis statement, which speaks for itself.  The Laserlith Defendants admit signing the factual basis statement.  To the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them.  To the extent that the allegations in this paragraph pertain to other defendants, the Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

49. Paragraph 49 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 49 pertaining to the Laserlith Defendants

appear to be based on a factual basis statement, which speaks for itself.  The Laserlith Defendants admit signing the factual basis statement.  To the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them.  To the extent that the allegations in this paragraph pertain to other defendants, the Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

50. Paragraph 50 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 50 pertaining to the Laserlith Defendants appear to be based on a factual basis statement, which speaks for itself.  The Laserlith Defendants admit signing the factual basis statement.  To the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them.  To the extent that the allegations in this paragraph pertain to other defendants, the Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

51. Paragraph 51 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 51 pertaining to the Laserlith Defendants appear to be based on a factual basis statement, which speaks for itself.  The Laserlith Defendants admit signing the factual basis statement.  To the extent that the allegations in this paragraph are inconsistent with or not established by the factual basis statement, the Laserlith Defendants deny them.  To the extent that the allegations in this paragraph pertain to other defendants, the Laserlith Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis deny them.

## PRAYER FOR RELIEF

Plaintiff's "Prayer for Relief" sets forth allegations containing conclusions of law to which no response is required.  To the extent a response is required, the Laserlith Defendants deny the allegations contained in these paragraphs.  The Laserlith Defendants deny that Plaintiff is entitled to any relief on its claims.

## AFFIRMATIVE DEFENSES

By alleging the defenses set forth below, the Laserlith Defendants are not in any way agreeing or conceding that they have the burden of proof or the burden of persuasion for any of these issues.  In addition, the Laserlith Defendants specifically and expressly reserve the right to amend these defenses, or to add additional defenses, based upon legal theories, facts and circumstances that may or will be discovered and/or further legal analysis of Plaintiff's positions in this litigation.

As separate and distinct affirmative defenses to the allegations in the Complaint, the Laserlith Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

The Complaint and each and every purported cause of action fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

The Complaint and each and every purported cause of action are barred, in whole or in part, by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint and each and every purported cause of action are barred, in whole or in part, by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint and each and every purported cause of action are barred, in whole or in part, by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint and each and every purported cause of action are barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint and each and every purported cause of action are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The Complaint and each purported claim for relief therein is barred, in whole or in part, by the United States' failure to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

The Complaint and each purported claim for relief therein is barred, in whole or in part, by the doctrine of comparative fault.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

The Complaint and each purported claim for relief therein is based, in whole or in part, on superseding or intervening causes arising from the acts or omissions of parties other than the Laserlith Defendants, and the damages alleged by Plaintiff were not proximately or otherwise caused by any act, omission or other conduct of the Laserlith Defendants.

## TENTH AFFIRMATIVE DEFENSE

### (Negligence or Legal Fault of Others)

Plaintiff's claims are barred to the extent any damages it suffered were caused, in whole or in part, by the negligence or other legal fault of parties other than the Laserlith Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Materiality)

Plaintiff's claims are barred, in whole or in part, by reason of the fact that any purported misrepresentation and/or omission is not material within the meaning of the False Claims Act or otherwise.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Damages)

The Complaint and each purported claim for relief therein is barred, in whole or in part, by the fact that the United States has not suffered any actual injury and/or damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Prior Compensation Bars Further Recovery)

The Complaint and each purported claim for relief therein is barred, in whole or in part, to the extent the United States has been previously compensated for its alleged damages.

14

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Particularity/Rule 9(b))

Insofar as any cause of action in the Complaint sounds in fraud, the Complaint fails to plead fraud with particularity in violation of Federal Rule of Civil Procedure 9(b).

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

Plaintiff's claims are barred, in whole or in part, to the extent that Defendants have substantially complied with the requirements of the Small Business Act and/or the established guidelines of the NSF, NASA and/or the DOE.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

Plaintiff's claims are barred, in whole or in part, by reason of Defendants' compliance with the applicable statutes, laws and regulations, industry standards and/or the lawful direction of public officials.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Justification)

Plaintiff's claims are barred, in whole or in part, by the doctrine of justification.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff's claims are barred, in whole or in part, by their actual or apparent consent.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff's claims are barred, in whole or in part, by the fact that any further compensation of Plaintiff's alleged damages and/or any calculation of damages without recognition of benefits

15

conferred by the Laserlith Defendants to the United States would result in Plaintiff's unjust enrichment.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Quantum Meruit)

Plaintiff's claims are barred, in whole or in part, by the doctrine of quantum meruit.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Due Process Clause Violations)

The Complaint, to the extent it seeks exemplary, treble, or punitive damages, or any liability or damages based upon vague or ambiguous law, violates the Laserlith Defendants' rights to both procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution, and, therefore, fails to state a cause of action upon which either exemplary, treble, or punitive damages may be awarded.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Excessive Fines)

The Complaint, to the extent it seeks damages and/or penalties above and beyond actual damages, is unconstitutional because such damages and/or penalties would violate the Fifth and Eighth Amendments to the United States Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Contribution and Indemnity)

To the extent the Laserlith Defendants are found liable to Plaintiff for any reason, the Laserlith Defendants reserve all rights to seek contribution and/or indemnity from appropriate third parties.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Entitlement to Attorneys' Fees)

Plaintiff is precluded from recovering attorneys' fees under any applicable provisions of law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

The Laserlith Defendants allege that Plaintiff has failed to set out its claims with sufficient particularity to permit the Laserlith Defendants to raise all appropriate affirmative defenses.  The Laserlith Defendants  hereby reserve the right to amend their Answer to raise additional separate and additional defenses as they become available or apparent to the Laserlith Defendants through discovery in this matter or otherwise.

The Laserlith Defendants reserve all rights to seek further relief as may be just and proper.

Dated:  May 8, 2020                          Respectfully submitted,


                                            _____/s/ Joel R. Rische_____
                                            Joel R Rische
                                            Davenport, Evans, Hurwitz & Smith, L.L.P.
                                            206 West 14th Street
                                            P.O. Box 1030
                                            Sioux Falls, SD  57101-1030
                                            605-357-1259
                                            jrische@dehs.com

                                            Michael Li-Ming Wong (Pro Hac Vice)
                                            Stephen W. Henrick (Pro Hac Vice)
                                            Gibson, Dunn & Crutcher LLP
                                            555 Mission Street, Suite 3000
                                            San Francisco, CA 94304-1211
                                            415.393.8200
                                            mwong@gibsondunn.com
                                            shenrick@gibsondunn.com

                                            Attorneys for Defendants Laserlith
                                            Corporation and Sine Chao