UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 4:19-CV-04029-KES |
| Plaintiff, | |
| v. | |
| | **UNITED STATES' DISCOVERY REPORT** |
| WALLACE TANG, Individually, and d/b/a BLUE SKY ENGINEERING, INC.; CASSINDY SINE CHAO, Individually, and d/b/a LASERLITH CORP.; and GINA KIM, Individually, and d/b/a BLACK HILLS NANOSYSTEMS CORP.; | |
| Defendants. | |

COMES NOW the United States, Plaintiff in the above-captioned action, and hereby submits this Discovery Report of the court-ordered meeting required pursuant to Fed. R. Civ. P. 26(f). While the parties were able to agree to a large portion of a discovery plan, we are unable to agree to the underlined language in Item 4, the paragraph beginning "The United States asserts. . ." Therefore, the United States files its separate Discovery Report.

**A.**   **Date and Place of the Meeting and Identification of the Parties and their Attorneys**

1.     The date and place at which the meeting was held.

A telephonic meeting was held on June 9, 2020, among Cheryl Schrempp DuPris, Ellie Bailey, Timothy Billion, Megan Curran, Michael Wong, Steve Henrick, and Derek Wetmore.

2.      Name and community of residence of each party, together with the name and address of the attorney or attorneys who represented each party at the meeting.

Plaintiff, United States of America, is represented by Cheryl Schrempp DuPris and Ellie Bailey, Assistant United States Attorneys, P.O. Box 7240, Pierre, SD 57501.

Defendants, Wallace Tang and Blue Sky Engineering, Inc., of Alamo, CA, are represented by Timothy Billion, 140 N. Phillips Ave, Suite 307, Sioux Falls, SD, 57104; and, Thomas Carlucci and Megan Curran, Foley & Lardner LLP, 555 California Street, Suite 1700, San Francisco, CA 94104.

Defendants, Black Hills Nanosystems Corporation and Gina Kim of Los Altos, CA, are represented by Timothy Billion, 140 N. Phillips Ave, Suite 307, Sioux Falls, SD, 57104; Randy Luskey and Derek Wetmore, Orrick, Herrington & Sutcliffe, LLP, 405 Howard Street, San Francisco, CA 94105-2669.

Defendants, Laserlith Corporation and Sine Chao, of Piedmont CA, are represented by Joel Rische, Davenport, Evans, Hurwitz & Smith, LLP, P.O. Box 1030, Sioux Falls, SD 57101-1030; Michael Li-Ming Wong and Stephen Henrick, Gibson, Dunn & Crutcher LLP, 555 Mission Street, Suite 3000, San Francisco, CA 94105-0921.

3.      Name of the insurance carriers and amount of liability coverage available.

There is no applicable insurance in this case.

## B.    **Description of the Case**

4.      A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses.

The United States asserts that beginning no later than 2012 and continuing through 2016, Defendants knowingly presented or caused to be presented false claims and materially false statements to obtain federal funds, by submitting Small Business Innovation Research (SBIR) and Small Business Transfer Technology Research (STTR) proposals containing "essentially equivalent" research and misrepresenting the existence and use of distinct company facilities, equipment, operations, costs, employees, eligibility of principal investigator (PI), suitability of facilities, location of facilities, subcontractors, consultants, letters of support, and false certifications, to the National Science Foundation (NSF), the National Aeronautics and Space Administration (NASA), and the Department of Energy (DOE). <u>In a prior criminal action, Wallace Tang pleaded guilty to Wire Fraud, in violation of 18 U.S.C. § 1343; corporate-</u>

<u>Defendant Blue Sky Engineering, by and through Defendant Wallace Tang
as executive corporate principal and officer, pleaded guilty to Conspiracy
to Commit Wire Fraud, in violation of 18 U.S.C.§ 1349; corporate-
Defendant Black Hills Nanosystems Corporation, by and through Gina
Kim as its duly authorized officer, pleaded guilty to Conspiracy to Commit
Wire Fraud, in violation of 18 U.S.C. § 1349; and corporate-Defendant
Laserlith Corporation, by and through Sine Chao as duly authorized
officer, pleaded guilty to Conspiracy to Commit Wire Fraud, in violation of
18 U.S.C. § 1349.</u>  *United States v. Wallace Tang, et al.,* 18CR40100,
District of South Dakota. Based upon the admissions in the criminal case,
the United States asserts civil claims under the False Claims Act and for
common law fraud.

Defendants assert that Blue Sky Engineering, Laserlith Corporation, and
Black Hills Nanosystems conducted valuable scientific research both
before and after 2012.   Far from being purely California entities, the
Defendants supported local employment and research.  Sub-awards paid
out of the contracts at issue funded research at a federal laboratory and
at state universities in North and South Dakota.   Although there were
admittedly some falsities within the applications, this court recognized at
sentencing that "the work was still being done, and it wasn't a total fraud
or sham." Jan. 14, 2019, Tr. 12:9-10.  The Defendants' "contracts initially
were set up for a good, valid purpose, that really good science and good
work was done as part of those contracts." *Id.* at 11:17-20.

Defendants have raised a number of defenses, including statute of
limitations, waiver, estoppel, laches, unclean hands, failure to mitigate,
comparative fault, lack of causation, negligence, materiality, failure to
state a claim for damages, prior compensation bars recovery, failure to
plead with particularity, substantial compliance, compliance, justification,
consent, unjust enrichment, *quantum meruit*, due process violations, Fifth
and Eighth Amendment violations, and seek contribution and indemnity
from third parties.

5.     A concise statement of the jurisdictional basis of the case, giving a
        brief narrative description as well as statutory references.

This action arises under the False Claims Act, 31 U.S.C. §§ 3729-33, and
for common law claims of fraud.

6.     A brief statement of the material issues to be resolved.

The United States asserts that Defendants' factual admissions and the
criminal convictions establish the essential elements of the FCA claim and
foreclose all questions relevant to FCA liability, 31 U.S.C. § 3731(e) and/or

common law fraud. The only remaining issue is one of damages and statutorily mandated penalties. 31 U.S.C. § 3729(a)(1).

Defendants assert that claims before February 8, 2013, are time barred and that their representations to the federal agencies were not material in that they did not or would not have had any impact on the federal agencies' decisions to award the SBIR and STTR contracts. Defendants also assert that any damages were mitigated when, for example, Defendants used a portion of the contracts at issue to fund research and development sub-awards to federal and state laboratories.

Defendants further assert that the equities of this case warrant particular attention from the Court. One of the two primary actors in what occurred, Michael Cohn—the controlling shareholder of the original company, MicroAssembly Technologies—unexpectedly passed away before resolution of the criminal action. The other, Mr. Tang, has reached a settlement in principle with the United States pending approval by the relevant agencies.

Defendants further assert that during the criminal action, the defendants accepted full responsibility before being charged and remitted complete restitution of over $1 million prior to sentencing, prompting the Court to decline to impose any additional fine. Jan. 14, 2019, Tr. 31:7-10. In addition, Defendants Ms. Chao and Mr. Tang have an inability to pay the full amount of a potential adverse judgment that has only been exacerbated by financial difficulties caused by the Coronavirus pandemic. Ms. Kim was the most junior of the Defendants and received the least compensation of any of the Defendants. She only has an ability to pay because of her husband's employment.

## C.   **Pleadings**

7.   A statement of whether all pleadings have been filed, and description of any amendments to the pleadings the party proposes to make, including the identification of any new parties to be added (if none, so state).

All required pleadings have been filed. No party anticipates amending to add new parties, although Defendants reserve the right to implead Michael Cohn's estate and/or additional third parties for purposes of contribution and indemnity at a later time as evidence is adduced in discovery.

8.   The date by which all motions which seek to amend the pleadings or add parties will be filed.

All motions to amend pleadings shall be filed by **July 1, 2021**.

9.      Whether jury trial is available under the law, and whether a jury trial has been timely demanded.

A jury trial is available under the law and has been demanded.

**D.      Initial Discovery Plan**

10.     Date by which pre-discovery disclosures required by Rule 26(a)(1) will be completed. *[Note: discovery is not filed with the court.]*

Rule 26(a)(1) discovery exchanges shall be completed thirty (30) days after the conclusion of mediation settlement conference(s) with the magistrate judge as set forth in Item 24 below).

**E.      Discovery Plan**[1]

11.     The procedure to be used for disclosure or discovery of electronic information.

The parties agree that the provisions of Fed. R. Evid. 502 which address the inadvertent disclosure of privileged information are applicable to this case.

The parties continue to negotiate discovery procedures with the goal of agreeing to a stipulated order regarding the discovery of electronically stored information.

12.     The number of interrogatories each party shall be permitted to serve.

Each party may serve 25 interrogatories, including all discrete subparts.

13.     The maximum number of depositions by each party (excluding expert witness depositions).

Each party may take 15 depositions. Each party reserves the right to take a trial deposition of their witness (in addition to the discovery deposition taken by opposing counsel) if a witness is unable to be present to testify in person at trial.

14.     The limits on the length of depositions, in hours.

Length of depositions would be as provided by Fed. R. Civ. P. 30(d)(1), which authorizes one day of seven hours not including breaks. Parties may motion

---

[1]      If the parties are unable to agree upon a discovery plan, the report shall separately set forth each party's proposed plan.

the court pursuant to the rule if additional time is needed and a stipulation cannot be reached.

15.   The date by which all discovery (including expert discovery shall be completed).

All discovery shall be completed by **June 30, 2021.**

16.   The number of expert witnesses, if any, each party anticipates calling at trial, and a brief description of the type of experts anticipated.

The United States anticipates calling NASA, NSF, and DOE Contracting or Program Officers (who may have scientific expertise), in charge of reviewing SBIR and STTR proposals and awarding the contracts in this case, as fact witnesses as to eligibility requirements, including essentially equivalent work, principal investigator ("PI"), technical facilities, personnel, materially false misrepresentations, etc., but reserves the right to hire experts and/or rebuttal experts in similar number and of similar type as any identified by Defendants.

Defendants anticipate calling three (3) experts to opine on: 1) damages; 2) SBA SBIR and STTR decisions; and 3) the science behind the Defendants' proposals.

17.   The date by which each party shall disclose the identity of expert witnesses and disclose the reports required under Rule 26(A)(2). [*Note: discovery is not filed with the court.*]

The parties agree to disclose their experts' identity and reports by **February 26, 2021**.

18.   Whether the parties anticipate expert depositions.

Yes, the parties intend to depose experts for discovery purposes and may also depose for trial purposes if designated as an expert witness.

19.   The number of expert depositions each party shall be permitted to take.

Each party shall be permitted to take one discovery deposition of each other's experts. Each party reserves the right to take a trial deposition of their own expert in addition to the discovery deposition taken by opposing counsel if an expert is unable to be present to testify in person at trial.

20.   The frequency with which discovery responses must be supplemented pursuant to Rule 26(e).

6

Discovery shall be supplemented pursuant to Fed. R. Civ. P. 26(e)(1)(A) within thirty (30) days of the party learning of the discovery or obtaining the discoverable information. Discovery under Fed. R. Civ. P. 26(e)(1)(B) shall be supplemented pursuant to the Rule.

**F.**  **Dispositive Motions and Trial**

21.    Date by which all dispositive motions shall be filed.

The dispositive motions deadline is **September 17, 2021**.

22.    Suggested trial time and estimated trial time including jury selection and instructions.

The estimated trial length is two weeks.

23.    Whether the parties consent to assignment of the case to Magistrate Judge Veronica Duffy.

All parties respectfully decline to consent to assignment to Magistrate Judge Duffy.

**G.**  **Settlement**

24.    The parties should fully explore the possibility of settling this case at the Rule 26(f) meeting. If the case does not settle, the parties shall be fully prepared to advise the court about the status of settlement discussions. The parties will advise the court whether they desire a settlement conference with a United States magistrate judge.

The parties have discussed settlement multiple times since October 2018. The parties agree that a virtual settlement conference with Magistrate Duffy may be beneficial and desire to contact chambers to request a date within 45 days, or as soon as practicable.

25.    Plaintiff is directed to make a written settlement demand prior to the Rule 26(f) meeting. Defendant shall respond in writing to this demand as soon as possible.

Plaintiff made an initial demand on October 3, 2018. The most recent settlement demand was made on June 9, 2020. Defendants shall respond in writing as soon as possible.

26.    If plaintiff is unable to make a settlement demand, plaintiff shall:

a.    Explain the inability;
b.    Advise the court what is needed to evaluate settlement; and

7

       c.     Advise the court of the earliest date the parties can realistically evaluate settlement.

Not applicable.

27.    Other matters the parties want to raise.

None at this time.


Date: June 23, 2020.

                     RONALD A. PARSONS, JR.
                     United States Attorney

                     */s/ Cheryl Schrempp DuPris*

                     Cheryl Schrempp DuPris
                     Assistant United States Attorney
                     P.O. Box 7240
                     225 South Pierre Street
                     Pierre, South Dakota, 57501
                     (605) 224-5402
                     Cheryl.Dupris@usdoj.gov